# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN OROZCO, | ) 1:11cv01581 DLB PC |
| Plaintiff, | ) ORDER DISMISSING ACTION |
| vs. | ) WITHOUT LEAVE TO AMEND |
| PAMELA AHLIN, et al., | ) |
| Defendants. | ) |

On September 19, 2011, Plaintiff Hernan Orozco ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is civilly committed at Coalinga State Hospital in Coalinga, California.  He names Executive Director Pamela Ahlin, dentists William Coombs, D.D.S., Minh-Duc Dinh Pham, D.D.S. and Rashpal Deol, D.D.S., and Doe 1 as Defendants.[1]

**A.    LEGAL STANDARD**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on October 27, 2011.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  Id.

**B.**     **SUMMARY OF COMPLAINT**

Plaintiff alleges that on April 29, 2011, at about 2:30 p.m., he broke his canine tooth at, and beneath, the gum line.  He experienced terrible pain and facial swelling and the unit nurse sent him to the Coalinga State Hospital Dental Clinic.

Upon arrival at the Dental Clinic, a receptionist told Plaintiff that the dentist had left early for the day and there were no other dentists on duty to treat dental emergencies.  Plaintiff alleges that he was told by Doe 1 that Defendants Coombs, Pham and Deol had left for the day and he would have to wait until Monday for emergency treatment.  When Plaintiff demanded that he be given relief, he alleges that Doe 1 wrote a Serious Incident Report.

Plaintiff returned to his unit and complained that a 24-hour physician was not on call for emergency dental service.  Hours later, the physician on duty gave Plaintiff ibuprofen, but it was inadequate to treat his pain.

On Monday, May 2, 2011, Defendant Coombs extracted Plaintiff's tooth, which was "unrestorable."  Plaintiff alleges that he could not eat, sleep or concentrate from April 29, 2011, through the extraction because of severe pain and swelling.

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by intentionally delaying or denying access to medical care. He also alleges that Defendant Ahlin was aware of deficiencies in the hospital system and failed to prevent the deficiencies.

Plaintiff seeks damages in the amount of $50,000.00.

## C.  ANALYSIS

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir.2004) (quoting Youngberg, 457 U.S. at 321–22). Thus, to avoid liability, Defendant's medical decisions regarding Plaintiff's treatment must be supported by "professional judgment." Youngberg, 457 U.S. at 321. A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." Id. at 323.

In determining whether a defendant has met his constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. Liability will be imposed only when the medical decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323.

1.   *Defendants Coombs, Pham and Deol*

Plaintiff bases his denial of medical treatment on the "refusal" of Defendants Coombs, Pham and Deol to provide him with dental care.  The alleged facts, however, do not support such a finding.  On April 29, 2011, Defendants Coombs, Pham and Deol did not make any medical decisions or provide any medical treatment.  They simply were not present when Plaintiff went to the Dental Clinic.  Nor does Plaintiff allege that they were involved in any medical decisions over the weekend.  Finally, although Dr. Coombs treated Plaintiff on May 2, 2011, he does not allege any deficiencies related to that care.  Plaintiff therefore fails to state a claim against Defendants Coombs, Pham and Deol.

2.   *Defendant Doe 1*

Similarly, Plaintiff does not allege that Defendant Doe 1 made any medical decisions.  Instead, according to his Complaint, Doe 1 told Plaintiff that Defendants Coombs, Pham and Deol had left early and that he would have to wait until Monday for medical treatment.  The Court notes that it is not unusual for people who are not detained to have to wait a day or two for emergency dental treatment.  Plaintiff fails to state a claim against Defendant Doe 1.

3.   *Defendant Ahlin*

Insofar as Plaintiff alleges that Defendant Ahlin formulated policies that resulted in the inadequate provision of medical services, and that she knew of deficiencies in the hospital system, he also fails to state a claim.  He appears to be alleging liability based on her supervisory role. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Id. at 677.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.

See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff does not allege facts that demonstrate that Defendant Ahlin personally participated in an alleged deprivation of his constitutional rights, or knew of the alleged violations against Plaintiff and failed to prevent them.  Accordingly, Plaintiff fails to state a claim against Defendant Ahlin.

D.     **CONCLUSION AND ORDER**

For the above reasons, Plaintiff fails to state a claim for which relief may be granted against any Defendant.  Based on the allegations in the Complaint, Plaintiff appears unable to state a claim and therefore leave to amend should not be granted.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's complaint is therefore DISMISSED WITH PREJUDICE.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:    **January 8, 2013**              /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE